JONATHAN THOMPSON, et al. vs. HENRY B. SMITH, late supervisor, &c.

A side judge of the court of common pleas, if present at the trial, has authority to give a certificate under the act of 1836, that the cause is a proper one to be carried to the supreme court, where the first judge is a party to the suit, although he is in the county at the time the certificate is given, and was present at the trial.

*Motion by defendant to quash a writ of error.*—The defendant in error in this cause, Smith, was first judge of Franklin county, was present on the trial of the cause in the common pleas, (but took no part therein.) Wm. King, one of the side judges who was present on the trial, made a certificate, within thirty days from the filing the record, under the laws of 1836, that this cause was a proper one to be carried to the supreme court. A writ of error was issued to the common pleas. At the time of giving the certificate, Smith, the first judge, was in the county, and also Asa Hascall a supreme court commissioner, who was, by an act of 1840, authorized and might do all such acts and duties in relation to any suit depending in the court of common pleas, as the first judge being of the degree of counsellor of the supreme court, might do out of court. Smith, the first judge, was not of the degree of counsellor, &c.

S. H. HAMMOND, *Defts Counsel.*          A. B. PARMELEE, *Defts Atty.*
P. GANSEVOORT, *Plffs Counsel.*          JOHN HUTTON, *Plffs Atty.*

The defendant insisted that the side judge could not properly grant the certificate under the statute, when the first judge was in the county, or, if the first judge could not act in this case, then Asa Hascall, the supreme court commissioner, should have given the certificate.

BEARDSLEY, Justice.—The certificate was lawfully granted, unless the supreme court commissioner, by the act of 1840, had *exclusive* authority; within the equity of the case the first judge should not be regarded as first judge of the county. The act of 1840 provides that the supreme court commissioner of Franklin county *may do* all such acts &c., as the *first* judge, *being of the degree of counsellor of the supreme court* might do out of court. A first judge *not* of the degree of counsellor of the supreme court, might, under the act of 1836, grant the certificate, if present at the trial. Whatever power the supreme court commissioner might have exercised in this case under the act of 1840, I think the side judge had authority, he being present at the trial, and the certificate was properly granted.